UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
LISA SHOULER,

Plaintiff, AMENDED COMPLAINT

09 CV 1428 (SJF)

-against-

APPLIED PROACTIVE TECHNOLOGIES, INC.
And JORDAN STERN
Defendants, JURY DEMAND

---------------------------------------X

PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, LISA SHOULER by her attorneys, Steven L. Barkan P.C., bring this action against APPLIED PROACTIVE TECHNOLOGIES, INC. (herein after APT) and JORDAN STERN (herein after STERN)for violation under the New York State Executive Law Section 296 Et. Seq. and states and alleges as follows:

1. Plaintiff is a 49 year old female who resides in the County of Suffolk, State of New York.
2. The defendant APT is a foreign corporation incorporated in the State of Massachusetts and registered to do business in the State of New York.
3. That APT regularly solicits, and engages in business in the State of New York.

4. The defendant STERN is an individual residing in the State of Connecticut and was employed by APT in the capacity of Quality Assurance Supervisor.
5. That STERN while performing his duties for Defendant APT committed a tortuous act while in the County of Suffolk, State of New York which caused injury to Plaintiff.
6. Plaintiff was employed as a lighting and appliance representative for Defendant APT from November 2002 until she was terminated on May 29, 2007 .
7. Plaintiff was qualified for her position as an lighting and appliance representative.
8. That Plaintiff’s work consisted of going to various client facilities and organizing the literature and labels pertaining to energy savings.
9. That Plaintiff received excellent performance ratings.
10. On May 10, 2007, STERN drove down to New York in order to observe Plaintiff’s work.
11. To observe Plaintiff’s work STERN would perform a “drive along” which consisted of him following Plaintiff in his car to the various clients.
12. On May 10, 2007 STERN disregarded protocol and ordered Plaintiff to ride in his vehicle for the “drive along”.

13. After Plaintiff refused to go into STERN's vehicle, he forced his way into Plaintiff's vehicle.

14. While Plaintiff was driving STERN told her that she was making him hot and stated "you make me feel hot".

15. STERN also told her that he found her interesting and that his wife was not interesting.

16. Stern told her that he wanted to stay with her and not drive out to Port Jefferson.

17. In the vehicle STERN tried to hug and kiss Plaintiff forcing her to run out of the vehicle to avoid him

18. That Stern got out of Plaintiff's vehicle and went back to his own vehicle.

19. That on May 12th Plaintiff went on vacation until the 18th, returning to work on the 21st.

20. Plaintiff was ordered to attend a meeting with her supervisor at Springfield, Massachusetts on May 29.

21. The meeting was unusual in as much as she was shown a photograph of a label on an appliance and told that she had made an error.

22. When Plaintiff asked where the photograph was taken she was yelled at and her employment was terminated.

23. That the Michael Delnegro, Senior Member of the Management Team, that terminated Plaintiff had made

comments about her appearance and Plaintiff being a second wife.

24. Plaintiff was terminated because she refused the sexual advances of STERN.

25. That as a result of Defendants' action Plaintiff has had to undergo medical treatment for emotional distress.

26. That the conduct of the defendant described above, discriminated against plaintiff because of her gender and was undertaken maliciously, wantonly, willfully, knowingly and with intentional disregard of plaintiff's legal rights. That the aforementioned acts of defendant constitute unlawful discrimination against plaintiff in violation of executive law 296(1) (a) referred to as the Human Rights Law of the State of New York.

27. As a result of the defendant's violation of the Human Rights Law of the State of New York, defendant is liable to the plaintiff pursuant to 297(9) of said statute for damages and such other remedies as may be appropriate.

28. By reason of the unlawful conduct of the defendant described here and above, plaintiff has sustained

losses and damages including but not limited to the following:

a) Plaintiff has been deprived of her back pay.

b) Plaintiff has been deprived of front pay.

c) Plaintiff has suffered emotional distress for which she needs medical treatment.

d) The plaintiff has lost her job benefits that she would have enjoyed had she continued in her employment with the defendant.

e) The plaintiff has expended and will expend in the future monies for attorney’s fees, costs and maintenance of this action.

f) That the amount of plaintiff damages are presently undetermined but are above the jurisdictional limit of any lower court.

g) In addition to suffering a significant loss of income and benefits, plaintiff was caused to suffer emotional and psychological injuries resulting in pain and suffering, has and is continued to be humiliated, demeaned and otherwise mentally and emotionally degraded all because of defendant’s outrageous conduct in violating the plaintiff’s human rights.

29. As a proximate result of defendant's conduct the Plaintiff has been adversely affected in her employment, in his life's pursuits and plaintiff believes that the injuries inflicted upon her are a direct result of the occurrences complained of herein and has and will continue to have an irreparably devastating effect upon the quality of her life and prevent her from functioning as he did prior to the occurrences complained of herein.

**AS AND FOR A SECOND CAUSE OF ACTION**

30. Plaintiffs repeat and re-allege paragraphs 1 through 34 of this complaint as though fully set forth at length herein.

31. That the foregoing acts pleaded above were aided and abetted by, and with the full knowledge and consent of defendant stern, in violation of Section 296 of the New York State Executive Law.

32. As a proximate result of defendant STERN'S actions, plaintiff has suffered and continue to suffer substantial loss of past and future earnings, bonuses, other potential incentive compensation and such

employment benefits all to plaintiffs' detriment and damage in the amount to be determined at trial.

33. As a further proximate result of defendant STERN's action, plaintiff has suffered and continue to suffer severe and lasting embarrassment, humiliation, and anguish and other incidental and consequential damages and expenses all to the plaintiffs' damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiff prays for relief against Defendants as follows:

1. Awarding to Plaintiff such damages including front pay and back pay as he shall prove to have sustained and a jury find.
2. Awarding to Plaintiff such punitive and exemplary damages proof shall find as provided by law.
3. Awarding to Plaintiff damages for her emotional distress.
4. Awarding to Plaintiff his costs, interest and disbursements herein including reasonable counsel fees.

Dated: Melville, New York
January 14, 2009

STEVEN L. BARKAN P.C.
*Attorneys for Plaintiff*

By________________________

STEVEN L. BARKAN
445 Broad Hollow Road
Suite 25
Melville, New York 11747
(516)358-3688